UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFONZO TYLER and ZINA TYLER

                Plaintiffs,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security

                Defendant.

No. C 07-02229 MHP

**ORDER**

        Plaintiffs Alfonzo and Zina Tyler filed a complaint seeking judicial review of the decision of the Commissioner of Social Security denying Zina Tyler's claim for Childhood Disability Benefits under sections 202(d) and 223 of the Social Security Act. Defendant answered the complaint, and the court instructed defendant to assist the court by obtaining and filing the entire administrative record. Having reviewed the decision of the Administrative Law Judge ("ALJ"), the additional evidence in the record, as well as the additional documents submitted to the court by the plaintiffs, the court finds that the Commissioner's decision is supported by substantial evidence and is based on the application of correct legal standards. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

        The ALJ correctly determined that the dispositive issue was "whether the claimant [was] under a disability which began on or prior to March 14, 1986, the date she attained age 22." Administrative Transcript ("AT") 53. At the time the claimant filed for Childhood Disability Benefits in December 2004, she was 40 years old. AT 52. The current medical evidence indicated that the claimant had been diagnosed with chronic paranoid schizophrenia and bipolar affective disorder. AT 54. She also had a significant history of substance abuse, borderline intellectual

functioning, and weakness in the left leg. Id.

Reviewing all the evidence presented, the ALJ found that "there [was] absolutely no medical evidence . . . dated on or prior to March 14, 1986, as well as for more than 10 years thereafter." Id. In fact, "the earliest psychiatric/psychological medical evidence . . . [was] dated February 17, 1997." AT 55. The record also reflected that the earliest physical medical evidence was dated June 1997 when the claimant received treatment for knee trauma. Id. The ALJ held that "[o]n or prior to March 14, 1986, the date the claimant attained age 22, there [was] no evidence of any medical determinable impairment or any impairment or combination of impairments which would have significantly limited her ability to perform basic physical or mental work-related activity." AR 56. "Given no 'severe' impairment on or prior to the attainment of age 22," the ALJ determined that the claimant was not disabled for purposes of receiving Childhood Disability Benefits. Id. Based upon its own review of the record and the additional documents submitted by the plaintiffs, the court concludes that the ALJ's finding of no medical evidence on or prior to March 14, 1986 was correct.

Accordingly, the court AFFIRMS the decision and DISMISSES the action.

IT IS SO ORDERED.

Dated: December 19, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

2